

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2007

# Daniels v. Deleon

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1443

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Daniels v. Deleon" (2007). *2007 Decisions*. Paper 718.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/718

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-301                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1443
_____

ERNEST M. DANIELS,

Appellant


v.


DOCTOR DELEON, MD of (BOP) Bureau of Prisons;
ELI LILLY & COMPANY; FOOD AND DRUG ADMINISTRATION;
DR. WILLIAM HUBBARD, His Chair; DR. LESTER CRAWFORD, His Chair;
DR. ROBERT TEMPLE, His Chair; CARL PECK, His Chair;
DR. JANET WOODCOCK; DR. SUSAN BRO, Her Chair;
DR. SANDRA KWEDER, Her Chair; SCOTT GOTTLIEB, His Chair;
DR. ANDREW VON ESCHENBACH, His Chair;
DR. DAVID KESSLER, His Chair

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 07-cv-00018)
District Judge:  Honorable James M. Munley

_____


Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2007

Before:   MCKEE, FUENTES AND VAN ANTWERPEN, CIRCUIT JUDGES.

(Filed: July 19, 2007)
_____


OPINION
_____

PER CURIAM

Ernest Daniels appeals the District Court's order dismissing his complaint for failure to state a claim. In his complaint dated December 18, 2006, Daniels alleged that in August 1995, he was prescribed Prozac by Dr. Deleon. He claimed that on March 25, 1996, while still taking Prozac, he attacked another prisoner with a hot iron causing serious injuries. Daniels stated that in January 2005 he learned that Eli Lilly, the maker of Prozac, concealed reports from physicians who had described instances of Prozac causing users to become violent. Daniels named as defendants Dr. Deleon, Eli Lilly, the Food and Drug Administration, and the FDA's chairpersons. The District Court dismissed the complaint before service for failure to state a claim. Daniels filed a timely notice of appeal.

Daniels alleged that the defendants violated his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments by committing negligence, fraud, and medical malpractice. We agree with the District Court that Eli Lilly was not a state actor and that the alleged negligence of the FDA, its members, and Dr. Deleon did not rise to the level of a constitutional violation. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"). Moreover, Daniels admitted that his tort claim was rejected as untimely.[1] See 28 U.S.C. § 2401.

_____

[1] The District Court did not abuse its discretion in failing to exercise supplemental jurisdiction over any state law claims. Moreover, we note that while Daniels stated that

2

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.

---

he learned of the possible side effects of Prozac in January 2005, several lawsuits concerning such side effects were consolidated in 1992. See Winkler v. Eli Lilly & Co., 101 F.3d 1196 (7th Cir. 1996). Thus, his claims were discoverable long before January 2005 and appear to have been filed beyond the two-year statute of limitations for such actions. See 42 Pa.C.S. § 5542.